UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DUANDRE JONES,<br><br>Plaintiff,<br><br>v.<br><br>VERSACE; ALEXANDER WANG; VIVIAN WANG; DUBIN LAW GROUP,<br><br>Defendants. | CASE NO. 2-23-cv-1298<br><br>ORDER |

Plaintiff Cortez Daundre Jones requested leave to proceed *in forma pauperis* against Defendants Versace, Alexander Wang, Vivian Wang, and Dubin Law Group. Dkt. No. 1 at 2-3. Jones alleges "[r]obbery via models in connection to Versace." Dkt. No. 1-1 at 3. The Honorable S. Kate Vaughn, U.S. Magistrate Judge for the District, issued a Report and Recommendation ("R&R"), recommending that the Court deny Jones's IFP application because he provided inconsistent and insufficient financial information. Dkt. No. 5. On August 30, 2023—prior to Judge Vaughn's R&R—Jones filed objections, including for this matter. Dkt. No. 4. Jones states in his objection that "[a]ll IFP have been edited to explain the income reported was in fact income

ORDER - 1

that was not reported via taxes and income from investments that have not been made available to spend." *Id.* at 1.

The Court has reviewed Jones's proposed complaint, his IFP application, and the other files on record and finds Jones's filings devoid of any factual or legal details demonstrating the basis for the Court's continued jurisdiction or the plausibility of Plaintiff's claims for relief.

Addressing the jurisdictional issue first, the Court has an ongoing duty to ensure that it has jurisdiction over Plaintiff's claims. *Leem v. Bank of Am. Home Loans,* No. C13-1517RSL, 2014 WL 897378, at *1 (W.D. Wash. Mar. 6, 2014) (citing *Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013); Fed. R. Civ. P. 12(h)(3)).

Jones claims the Court has diversity jurisdiction. "[D]iversity jurisdiction—exists where an action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Dermarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (internal citation omitted). "It requires complete diversity of citizenship, meaning that the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.* (internal citation omitted). Jones is a citizen of Washington. Dkt. No. 1-1 at 1. And the Court takes judicial notice that at least one of the named defendants—Dubin Law Group, a Seattle-based personal injury law firm—is also a citizen on Washington. Fed. R. Civ. P. 201(b)(1). Therefore, complete diversity does not exist.

Jones also alleges federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

ORDER - 2

provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff has not identified a basis for federal question jurisdiction. In fact, he has not identified any federal statutes, federal treatises, or provisions of the United States Constitution at all.

Next, when considering IFP complaints, the Court must dismiss the action "at any time [if] the court determines that . . . [the complaint] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)*; see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Jones's proposed complaint consists of three complete sentences, only two of which could be considered claims even under a generous reading of his complaint. None of these sentences include a statement meeting the *Twombly/Iqbal* pleading standard. Using the Court's *pro se* complaint template, which instructs would be

ORDER - 3

plaintiffs to "[w]rite a short and plain statement of the claim," Jones alleges (1) "[r]obbery via models in connection to Versace," and (2) that "Versace net worth topples more than a billion every year stocks & sales." Dkt. No. 1-1 at 3, 5. At the top of the template's page, Jones provides the only statement implicating that Versace has in any way harmed *him*, stating "Versace connections work ways to rob Cortez Daundre Jones via the owner & employee connections to current models." *Id.* Based on these allegations, Jones asserts $20,000,000,000,000 (i.e., 20 trillion) as the amount in controversy. *Id.* at 5.

In sum, the Court interprets Jones's complaint to allege that Versace robbed him through its models. *See id.* But Jones provides no facts to support a plausible claim that Versace caused him damages in the amount of 20 trillion dollars. *See Tripati v. First Nat'l Bank & Tr.,* 821 F.2d 1368, 1370 (9th Cir. 1987) ("An in forma pauperis complaint is frivolous if 'it had no arguable substance in law or fact.'") (internal citation omitted). He likewise provides no facts implicating Alexander Wang, Vivian Wang, or the Dubin Law Group for any cause of action. *See id.* Jones's complaint lacks any facts demonstrating a plausible claim for relief and must be dismissed.

Ordinarily, when a court dismisses a *pro se* plaintiff's complaint for failure to state a claim, it must grant leave to amend even when no request to amend is made. *Yagman v. Garcetti,* 852 F.3d 859, 863 (9th Cir. 2017). But leave to amend may be denied when bad faith or futility are found. *Id.; see also Cal. Architectural Bldg. Prod. v. Franciscan Ceramics,* 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

ORDER - 4

At last count, Jones has filed over 60 lawsuits in the District since August 2, 2023, which means he has filed more than one lawsuit a day for weeks. So many cases filed in such a short amount of time supports a finding that Jones is advancing claims without merit and that leave to amend would be futile.

Accordingly, the Court DENIES Jones's request to proceed IFP and DISMISSES his complaint without prejudice or leave to amend.

Dated this 20th day of October, 2023.

Jamal N. Whitehead
United States District Judge

ORDER - 5